PATRICIA ANN BLACKMON, J., DISSENTING
{¶ 27} I respectfully dissent. I would conclude that the trial court's existing entries are sufficient to demonstrate that the Volvo vacuum truck, which was originally purchased by Stamatopoulos, and was in his possession by the time of trial, was awarded to him. Following the trial, the parties appealed, but this court dismissed for lack of a final appealable order. See Stamatopoulos v. All Seasons Contr. , 8th Dist. Cuyahoga No. 101439, 2015-Ohio-1141, 2015 WL 1375727. On remand, the trial court issued a two-page order outlining the prior judgment then added the following provisions:
All parties prepared and agreed to the jury instructions, jury interrogatories and verdict forms that were submitted to the jury. Any claims not addressed by the agreed-to forms are dismissed with prejudice pursuant to Civ.R. 41(B)(1). * * *
Therefore, based on the jury's verdict, this court finds in favor of [Fourtounis] and against [Stamatopoulos] in the amount of $100,000.00. Additionally, pursuant to the agreed jury instructions, the parties are hereby ordered to comply with the Settlement Agreement and Cognovit Note attached hereto as Exhibit A and B within 30 days of the date of this order.
{¶ 28} Following the entry of this order, Stamatopoulos filed a "notice of compliance" with the court's order of specific performance, asserting that he gave Fourtounis a tender of payment of the $100,000 judgment, and also executed titles, possession, and keys to the vehicles listed in Exhibit B of the parties' Settlement Agreement that were still in his possession. Stamatopoulos retained the Volvo vacuum truck, which remained titled in his name. Fourtounis however, asked the court for a further order awarding title and possession of the Volvo vacuum truck to him, under the cognovit note. Stamatopoulos objected and argued that the cognovit judgment-related claims were not submitted to the jury and were dismissed by the court after trial under Civ.R. 41(B)(1). The trial court denied Fourtounis's motion as "moot." Accordingly, I would conclude that this item was properly identified by the trial court and awarded to Stamatopoulos; consequently, I dissent.